NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10237 |
| Plaintiff - Appellee, | D.C. No. 1:04-cr-00053-FTG |
| v. | |
| VINCE LUIS HOCOG CRUZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief Judge, Presiding

Submitted March 8, 2011[**]

Before:    FARRIS, LEAVY, and BYBEE, Circuit Judges.

Vince Luis Hocog Cruz appeals from his jury-trial conviction and 130-month sentence imposed for possession of methamphetamine hydrochloride with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Cruz contends that counsel was ineffective for failing to object to hearsay statements introduced at trial. We decline to address this claim on direct appeal as the record is insufficiently developed, and Cruz's legal representation was not so inadequate that it obviously denied the Sixth Amendment right to counsel. *See United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000).

Cruz also contends that the district court erred because its Guidelines calculation was based upon the erroneous conclusion that the jury determined that he was responsible for 31.9 grams of methamphetamine hydrochloride. Although the district court erred by instructing the jury that the government was not required to prove the amount or quantity of methamphetamine hydrocholoride; the error was harmless beyond a reasonable doubt because the overwhelming and uncontested evidence indicated that Cruz was in possession of 31.9 grams of the substance. *See United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1197-98 (9th Cir. 2000) (en banc). Accordingly, the district court did not procedurally err by improperly calculating the Guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**